By the Court.
This is mere conjecture on both sides. Nothing can be inferred with certainty ex visceribus testamenti, the only circumstance of any moment being the inadequacy of 20I., (at four for one,) to inclose a church-yard with a stone wall. But the testator here, has not expressed his meaning, in what species of cash this 500l. should be paid; and are the court and jury to make a guess at the justice of the case, without sure data ¶ This case appears to be within the meaning of the depreciation act of 3d April 1781. 1 Dali. St. Laws, 880. It is “a debt or “demand, incurred between the 1st January 1777 and the 1st “March 1781.” It is a dispute about depreciation singly. 1 Dali. 248. Auditors under the act possess the authority of examining the parties on interrogatories, and can with more facility investigate “the nature and circumstances of the case.” From former wills of the testator, his usual habits, expressions respecting his family, &c. they may be enabled to form a correct judgment of his intention : they have powers which we do not possess.
*15 Yeates, J. added that the case of Levan v. Fry, at Reading, was determined on the same principles.
The court discharged the jury, and nominated auditors, which were struck by both parties.